UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 12-7510 DSF (CWx) | Date | 9/6/12 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Emilia M. Hernandez | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|
| Debra Plato | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Case to Superior Court of California, County of Los Angeles

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendant removed this case on August 31, 2012 from state court claiming federal question jurisdiction. The complaint is a state law unlawful detainer complaint and does not state a federal cause of action. While the Notice of Removal raises several potential federal defenses and counterclaims to the complaint, federal jurisdiction is based on the plaintiff's complaint and not on any federal counterclaims or defenses that a defendant might assert. See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).

The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.